ATTORNEY GENERAL, *ex rel.* KENNEDY, *v.* CISCO.

SAME *v.* BUTLER.

1. SCHOOLS AND SCHOOL DISTRICTS—QUALIFICATIONS OF CANDIDATES FOR OFFICE—STATUTES—PROPERTY OWNERS.

   The statute setting forth qualifications of candidates for school district officers was intended to require that candidates be owners of property in the school district concerned even before amendatory elimination of specific provision that the candidate's name appear in the assessment roll (CLS 1956, § 340.492, as amended by PA 1959, No 271).

---

REFERENCES FOR POINTS IN HEADNOTES

[1.2] 47 Am Jur, Schools § 31.
[3] 14 Am Jur, Costs § 37.

2. SAME—ELECTIONS—PROPERTY OWNERS—NAMES ON ASSESSMENT ROLLS.

Election of property owners to membership on school board is not disturbed notwithstanding their names were not on assessment roll at time of election as then required by statute, where such omission was due to clerical error of assessor (CLS 1956, §§ 211.24, 340.492).

3. COSTS—CONSTRUCTION OF STATUTES—SCHOOL BOARD MEMBERS.

No costs are allowed in quo warranto proceedings against school board members involving construction of statute relative to qualifications of candidates for such office (CLS 1956, § 340.492, as amended by PA 1959, No 271).

Two original actions in quo warranto by Paul L. Adams, Attorney General, on relation of Allan Kennedy, against Carmen T. Cisco and Harold Butler to test their right to office on the board of education, city of Harper Woods. Submitted October 13, 1960. (Docket Nos. 80, 81, Calendar Nos. 48,524, 48,525.) Writs denied and informations dismissed March 1, 1961.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *Eugene Krasicky* and *Gerald J. O'Reilly,* Assistant Attorneys General, for plaintiff.

*Robert P. Van Wiemeersch,* for defendants.

PER CURIAM. The attorney general instituted these actions in quo warranto on the relation of Allan Kennedy, secretary and member of the board of education for the city of Harper Woods. Both defendants are presently serving 3-year terms as members of the board, claiming their right to such offices by election. Defendant Cisco was nominated and elected in June of 1958. Defendant Butler was elected as a write-in candidate in June of 1959. Their right to hold office is challenged because it is claimed that, contrary to the statute in effect when elected,

cited and quoted, *infra,* the name of neither defendant appeared on the assessment roll; instead, the property each defendant admittedly then owned jointly with his wife appeared on the assessment roll in the name of the mortgage company to which the property had been mortgaged. It is not disputed that the mortgage companies' names were improperly placed on the roll by the city assessor for his own convenience contrary to the statute[1] which required him to assess property in the names of the owners or occupants. Immediately prior to Mr. Butler's election in June of 1959, at defendants' request, the city assessor added their names to the assessment roll in his own handwriting.

The statutory language relied upon by petitioner is in section 492 of the school code of 1955.[2] At the time the defendants were elected, that section provided:

"Any school elector in a school district, whose name appears in the assessment roll and who is the owner in his own right of the property so assessed, shall be eligible to election or appointment to office in such school district: Provided, That where a husband and wife own property jointly, regardless of the name which appears on the assessment roll, if otherwise qualified, each shall be eligible to appointment or election to school office."

On November 3, 1959, 5 months after defendant Butler's election and 1 month preceding the filing of petitioner's informations in the nature of quo warranto, section 492 of the school code of 1955 was amended by PA 1959, No 271, to read as follows:

"Any school elector in a school district, who is the owner in his own right of property which is assessed for taxes, shall be eligible to election or appoint-

[1] CLS 1956, § 211.24 (Stat Ann 1960 Rev § 7.24).
[2] CLS 1956, § 340.492 (Stat Ann 1959 Rev § 15.3492).

ment to office in such school district: Provided, That where a husband and wife own property jointly, if otherwise qualified, each shall be eligible to appointment or election to school office."

The obvious intent of the statute, even before this amendment, was to require that candidates for the school board be owners of property in the school district concerned. Both defendants were. The omission of defendants' names from the assessment rolls was due entirely to clerical error. Under these circumstances, to deprive defendants of the offices to which they were duly elected would defeat, not enforce, the statute cited by the attorney general.

Whether decision herein is planted upon the city assessor's voluntary and allegedly unauthorized correction of the assessment roll (one year after defendant Cisco's election and a few days before defendant Butler's election), or upon the literal meaning of the proviso clause in section 492, or upon the fact that the code has been amended so that both defendants now qualify, this Court will not interfere with the choices of the electorate expressed at elections which, so far as the record before us discloses, were regularly and legally conducted.

Dismissed. No costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.